TIMOTHY DONOVAN, and WILLIAM DONOVAN *vs.* THE
STATE OF MARYLAND.

*Indictment for Receiving Stolen property, Knowing it to
have been Stolen—Irrelevant testimony.*

On the trial of a party indicted for receiving a barrel of whiskey,
knowing it to have been stolen, without any effort on the part of
the traverser, who testified in the case, to show that the whiskey
had not in fact been stolen, or that he had any good reason for
believing that it belonged to the party selling it, except the
declaration of the latter that he and his brother owned a barrel of
whiskey that they wanted to sell, or without attempting to explain
why the revenue tax mark and the serial number on the barrel
had been effaced, the defence placed on the stand a witness, and
proposed to prove that some four days before the whiskey was
stolen, the party from whom the traverser received it, offered to sell
to the witness, without any effort at concealment, a barrel of
whiskey, which he, the witness, would have bought, but did not,
because he had not the money to pay for it. On exception, it was
HELD :

That the proffered testimony was wholly irrelevant and therefore
inadmissible.

Appeal from the Circuit Court for Washington County.

The case is stated in the opinion of the Court.

The cause was submitted on briefs to ALVEY, C. J.,
STONE, MILLER, ROBINSON, IRVING, RITCHIE, and BRYAN, J.

*Buchanan Schley,* and *George Schley,* for the appellants.

*Charles B. Roberts, Attorney-General,* for the appellee.

. ALVEY, C. J., delivered the opinion of the Court.

There is but a single exception in this case, and that is to the ruling of the Court below in rejecting certain evidence offered on the part of the defence. And the question presented would appear to be an exceedingly plain one, and this Court can have no difficulty whatever in affirming the ruling of the Court below in rejecting the evidence offered.

The case, as presented by the record, was simply this: The appellants, father and son, were indicted for receiving a barrel of whiskey, knowing it to have been stolen. The proof appears to have been clear beyond all dispute that the whiskey had been stolen from the cellar of one Kirwan on the night of the 10th of March, 1885; but the defence seems to have rested mainly on the want of guilty knowledge by the traversers in the receipt of the whiskey. They both, when first accused, and until the whiskey was actually found, utterly denied that they had received the whiskey, or that they had any knowledge of it whatever; and it was not until a second search of the premises was made, under a search warrant, that the whiskey was found in an outhouse on the premises where the father lived, and upon which the son, William Donovan, carried .on the business of keeping a drinking saloon. When the whiskey was found the serial number of the barrel had been shaved off, and the revenue tax mark defaced. The shavings or clippings, however, were found in the outhouse where the whiskey was found, and the barrel fully identified. The barrel was shown to contain 37 or 38 gallons of whiskey, worth about four dollars per gallon. William Donovan, one of the traversers, became a witness on the part of the defence, and testified that he and his father had tasted the whiskey on the 9th of March, 1885, from a bottle in the possession of Lawrence Preston, who said that he and his brother Wm. Preston had a barrel of the whiskey that they wanted to sell, and that he, Willia

Donovan, agreed to give forty dollars for the barrel of whiskey; but that no time was fixed for its delivery: That on the 10th of March, after dark, Lawrence Preston, to the surprise of the witness, delivered the barrel of whiskey in the yard of his, the witness' mother's property, and not at his saloon; and that it was placed that night in his mother's kitchen, and the next morning removed to the outhouse, where it was found. And by the other proof in the case, it was shown that the whiskey was stolen that night between 8 and 9 o'clock, and was delivered to the accused on a wheelbarrow about the latter hour.

After the traversers had testified, but without any effort whatever to show that the whiskey had not in fact been stolen, or that they had any good reason for believing that it belonged to the party selling it, except the declaration of the latter that he and his brother owned a barrel of whiskey that they wanted to sell, or without attempting to explain why the marks on the barrel had been effaced, they placed upon the stand a witness, one Woodsum, by whom they proposed to prove, that on March 6th, about 10 o'clock in the morning, Lawrence Preston offered to sell to the witness, without effort at concealment, in Sandy-Hook, where the traversers resided, a barrel of whiskey, which the witness would have bought, but did not, because he had not the money to pay for it. It was to the exclusion of this offer that the exception was taken.

What connection or relation the fact thus offered to be proved had to the issue on trial we are entirely unable to perceive. The offer to sell to the witness occurred some four days before the whiskey in question was stolen; and whether the whiskey so offered really belonged to the party offering to sell, or was whiskey that he intended to steal, or had at that time stolen, does not appear; nor does it appear what was the knowledge, or ground of knowledge, of the witness upon the subject. Whether the offer to sell had reference to the barrel of whiskey received

by the traversers, or to another and a different barrel, is only conjectural; and it is not even shown or intimated that the traversers, or either of them, had any knowledge whatever, at the time of receiving the whiskey by them, that Preston had offered to sell a barrel of whiskey to the witness. The fact was wholly irrelevant and therefore properly rejected.

<div align="right">

*Ruling affirmed, and*
*cause remanded.*